FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 10351 NMG

| | | |
|---|---|---|
| HYBRICON CORPORATION, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| THE ILLUMINATI SNOWBOARD | ) | |
| COMPANY and THE ILLUMINATI, | ) | |
|    MAGISTRATE JUDGE Alexander | ) | |
|    Defendants. | ) | |

RECEIPT # 62282
AMOUNT $250
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK form
DATE 2/23/05

## COMPLAINT

## NATURE OF THE ACTION

1.  This is an action for temporary, preliminary and permanent injunctive relief for trademark dilution and cybersquatting under 15 U.S.C. §§ 1125.

## THE PARTIES

2.  Plaintiff, Hybricon Corporation is a Massachusetts corporation having a principal place of business located at 12 Willow Road, Ayer, MA 01432.

3.  Defendants, The Illuminati Snowboard Company and The Illuminati (collectively "Defendants"), upon information and belief, are Wyoming companies having a principal places of business in Jackson, Wyoming.

## JURISDICTION AND VENUE

4.  Jurisdiction is proper under 15 U.S.C. § 1121, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (trademark), as well as 28 U.S.C. § 1367 (supplemental jurisdiction).

5.  Venue is proper in this District under 28 U.S.C. § 1391.

## STATEMENT OF THE FACTS

*Plaintiff's Business, Products and "Hybricon*" Federal Trademark Registrations*

6.  Plaintiff is an established company whose principal business is manufacturing electronic interconnection and packaging equipment. Plaintiff manufactures backplanes, card cage/backplane assemblies and complete subsystem interconnect packaging. These products are shipped to customers throughout the United States, Europe, and Asia. Plaintiff's production capabilities extend from standard packaging to complex, fully custom systems.

7.  Plaintiff is the owner of Federal Trademark Registration No. 2,332,693 (for the mark "HYBRICON" in typed letters), as evidenced by the records of the Patent and Trademark Office relating thereto, copy attached hereto as Exhibit A.

8.  Plaintiff is the owner of Federal Trademark Registration No. 2,387,393 (for the mark "HYBRICON" in typed letters), as evidenced by the records of the Patent and Trademark Office relating thereto, copy attached hereto as Exhibit B.

9.  Plaintiff is the owner of Federal Trademark Registration No. 2,259,457 (for the mark "HYBRICON" plus design), as evidenced by the records of the Patent and Trademark Office relating thereto, copy attached hereto as Exhibit C.

10.  Plaintiff is the owner of Federal Trademark Registration No. 2,259,451 (for the mark "HYBRICON" plus design), as evidenced by the records of the Patent and Trademark Office relating thereto, copy attached hereto as Exhibit D.

2

11.  Plaintiff is the owner of Federal Trademark Registration No. 1,118,679 (for the mark "HYBRICON" in typed letters), as evidenced by the records of the Patent and Trademark Office relating thereto, copy attached hereto as Exhibit E.

12.  Plaintiff's Federal Trademark Registrations are valid and subsisting, incontestable pursuant to 15 U.S.C. §1065, and evidence Plaintiff's exclusive right to use the HYBRICON* trademarks shown therein in commerce throughout the United States.

13.  Plaintiff has been known to its customers by the tradename HYBRICON since at least as early as 1977.

14.  Plaintiff has been using its HYBRICON* trademarks continuously since February 1977 in connection with the sale of its products, and has expended substantial sums of money in the advertising and promotion of its products under and in connection with its HYBRICON* trademarks over more than two decades.

15.  Plaintiff has been using its HYBRICON* trademark in a number of ways customary in the trade, including in displays associated with its goods such as brochures on which it prominently displays the mark in association with images of the goods and information necessary for purchasers to order those goods.

16.  Plaintiff has a website accessible on the World Wide Web, with a web address "www.hybricon.com", and a print of the home page of that website is attached hereto as Exhibit F; as is evident from Exhibit F, Plaintiff prominently displays its HYBRICON* trademark in its web site.

17.  Plaintiff's HYBRICON* trademark is strong, distinctive and famous within the high technology electronics industry.

*Defendants' Business and Infringing Use of the "HYBRICON" term.*

18.  Upon information and belief, Defendants are and have been engaged in the business of designing, manufacturing, and selling snowboards, bindings clothing and other products.  Defendants are using the term "Hybricon" as a mark for their products and services in interstate commerce in connection with each of these businesses.

19.  Upon information and belief, Defendants are and have been marketing and advertising their products, and prominently using the term "Hybricon" in connection with that activity.

20.  Defendants have also constructed at least two web sites accessible on the World Wide Web, with web addresses www.illuminatisnowboards.com and www.ill23.com, and a print of the home page from each web address is attached as Exhibits G and H.

21.  Defendants' web sites are highly interactive in that Internet users can purchase Defendants' products directly from Defendant over the Internet.  Defendants clearly do business over the Internet.  Specifically, the defendants enter into contracts with residents of a foreign jurisdiction, including residents of the Commonwealth of Massachusetts, that involve the knowing and repeated transmission of computer files over the Internet.

22.  Defendants' web sites intentionally utilizes the term "Hybricon" to promote the retail sale of Defendants' products over the Internet.

23.  Defendants also use Plaintiff's HYBRICON<sup>®</sup> trademark in metatags imbedded in their websites to attract web browsers to their web sites instead of Plaintiff's.  When an Internet user enters the term "Hybricon" into the popular Google<sup>®</sup> Internet search engine, as well as other top search engines, Defendants' websites appears among the first 24 web sites listed.

4

24. When an Internet user enters the term "Illuminati" into the popular Google[*] Internet search engine, as well as other top search engines, a number of unsavory and unwholesome websites are listed. These web sites are of the type with which Plaintiff would not chose to associate.

25. On information and belief, Defendants were aware of Plaintiff's existence, Plaintiff's prior use of its HYBRICON[*] trademarks, and Plaintiff's Federal Trademark Registration Nos. 2,332,693, 2,387,393, 2,259,457, 2,259,451 and 1,118,679 at the time that Defendants adopted and commenced using the term "Hybricon" as a mark for their products and services.

26. Plaintiff has never authorized Defendants use the term "Hybricon" or any other similar thereto term, as a trademark or otherwise in connection with their business.

27. Plaintiff has demanded that Defendants discontinue any further use of the term "Hybricon" as a trademark; and Defendants have deliberately and consciously elected to use and to continue to use the term despite Plaintiff's demand.

28. Defendants' continued use of the term "Hybricon" as a trademark threatens to seriously impair Plaintiff's goodwill and reputation in the eyes of those purchasers in the high technology electronics industry.

29. Defendants' activities have diluted, blurred and tarnished the distinctiveness of Plaintiff's trademark, and are likely to continue to dilute, blur and tarnish Plaintiff's established good will and business reputation represented by such mark.

30. Defendants' use of the term "Hybricon" is likely to cause confusion, deception, or mistake on the part of purchasers and prospective purchasers of the parties respective products and as to the affiliation or sponsorship of Plaintiff by Defendants and vice versa.

5

31. On information and belief, Defendants have been unjustly enriched in their profits as a result of this unauthorized use of the term "Hybricon" in their web site metatags and otherwise in association with their business.

## COUNT I
### (Trademark Dilution Under 15 U.S.C. §1125(c))

32. Plaintiff repeats and realleges the allegations of paragraphs 1-31 above as if fully set forth herein.

33. Plaintiff's HYBRICON* marks have become famous and distinctive in the high technology electronics industry through Plaintiff's continuous and exclusive use of that mark in connection with its products and services.

34. Because Plaintiff's products and services have gained a reputation for superior quality and value, its HYBRICON* marks have gained a high degree of recognition, as well as substantial fame, renown and good will.

35. Defendants' activities have diluted, blurred and tarnished the distinctiveness of Plaintiff's trademark, and are likely to continue to dilute, blur and tarnish Plaintiff's established good will and business reputation represented by such mark.

36. Defendants' use of the term "Hybricon" has caused and continues to cause irreparable injury to and dilution of the distinctive quality of Plaintiff's HYBRICON* mark in violation of 15 U.S.C. §1125(c).

37. Plaintiff has suffered irreparable harm to its valuable and famous HYBRICON* marks and continues to be irreparably harmed.

38. Unless enjoined by this Court, Defendants will continue their acts of dilution.

6

39. As a result, Plaintiff is entitled to damages, costs and other remedies against Defendants.

## COUNT II
### (Cybersquatting Under 15 U.S.C. §1125(d))

40. Plaintiff repeats and realleges the allegations of paragraphs 1-39 above as if fully set forth herein.

41. Defendants have registered, traffic in and continue to use the domain names "www.illuminatisnowboards.com" and "www.ill23.com".

42. Defendants have used and continue to use HYBRICON* in metatags imbedded in their websites to attract web browsers to their web sites instead of Plaintiff's web site.

43. Defendants' marketing and sales of products through their websites constitutes "trafficking" within the meaning of 15 U.S.C. §1125(d).

44. Defendants' use of the term "Hybricon" in metatags imbedded in their websites is now and continues to be with full knowledge of Plaintiff's HYBRICON* mark and tradename.

45. Defendants are using the term "Hybricon" in metatags imbedded in their websites with a bad faith intent to profit commercially from the use of Plaintiff's marks and tradename.

46. Defendants' use of the term "Hybricon" in metatags imbedded in their websites creates initial interest confusion among consumers who intend to access Plaintiff's website.

47. Defendants' use of the term "Hybricon" in metatags imbedded in their websites was in bad faith with the intent to profit from the confusion or mistake among the public as to the true source, origin, source sponsorship, approval, authorization, or affiliation of Defendants' goods and/or services with Plaintiff's registered marks.

48. Plaintiff has been and will continue to be irreparably harmed by Defendants' use of the term "Hybricon" in metatags imbedded in Defendants' websites unless and until Defendants' continued use of such domain name is enjoined by this Court.

49. As a result, Plaintiff is entitled to damages, costs and other remedies against Defendants.

### RELIEF REQUESTED

WHEREFORE, Plaintiff prays that judgment be entered by this Court providing:

A. Entry of a temporary restraining order and preliminary injunction immediately, and throughout the pendency of this action, enjoining Defendants, their employees, agents, officers, successors, and assigns, or others in privy therewith or under their control, and any and all persons acting by or under the authority of Defendants or in privity with them:

(1) from manufacturing, offering for sale, selling distributing, advertising or promoting products bearing or embodying the term "Hybricon", or any other term confusingly similar to Plaintiff's HYBRICON * mark;

(2) from shipping, delivering, distributing, returning, disposing of, concealing, moving, destroying, or otherwise transferring (a) any equipment or products bearing or embodying Plaintiff's HYBRICON * mark; and (b) any books, records, documents, labels, printing labels, advertising, or containers, relating to equipment bearing or embodying Plaintiff's HYBRICON * mark; and

(3) from using the term "Hybricon" in metatags imbedded in Defendants' websites;

8

B. Entry of a permanent injunction perpetually enjoining Defendants, their employees, agents, officers, successors, and assigns, or others in privy therewith or under their control, and any and all persons acting by or under the authority of Defendant or in privity with them:

(1) from manufacturing, offering for sale, selling distributing, advertising or promoting products bearing or embodying Plaintiff's HYBRICON* mark;

(2) from using the term "Hybricon" in metatags imbedded in Defendants' websites;

C. Entry of judgment requiring Defendants to forthwith deliver to Hybricon Corporation for destruction any and all goods, including packaging, circulars, catalogs, price lists, labels signs, cards, prints, packages, wrappers, pouches, receptacles, advertising matter, promotional and other materials in the possession of Defendants or under their control, bearing or embodying Plaintiff's HYBRICON* mark.

D. Entry of judgment requiring Defendants, within thirty days after the service of judgment upon them, to file with the Court, and serve upon counsel for Hybricon Corporation, a written report under oath setting forth in detail the manner in which Defendants have complied with paragraphs A through C above.

E. Entry of judgment finding that Defendants, through their use of the term "Hybricon", have diluted the distinctive quality of Plaintiff's HYBRICON* mark in violation of 15 U.S.C. §1125(c);

F. Entry of judgment finding that Defendants, through registration and use of the domain names "www.illuminatisnowboards.com" and "www.ill23.com", have demonstrated a bad faith intent to profit from Plaintiff's HYBRICON* mark in violation of 15 U.S.C. §1125(d);

G. Entry of judgment awarding to Plaintiff, Defendants' profits as a result of Defendants' unjust enrichment.

H. Entry of judgment awarding Plaintiff statutory damages for each violation of the cybersquatting statute.

I. Entry of judgment that Plaintiff be awarded its attorney's fees and costs incurred in the prosecution of this action, together with such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury of all claims or issues so triable.

Respectfully submitted,

HYBRICON CORPORATION

By Its Attorneys,

Dated:

Thomas C. O'Konski (BBO #378,625)
Kevin Gannon (BBO #640,931)
Cesari & McKenna, LLP
88 Black Falcon Avenue
Boston MA 02210
Tel: (617) 951-2500
Fax: (617) 951-3927

Of Counsel,
Robert Carl Wood, Esq., LLC
Riverdale Plaza
768 Boston Road, Suite F
Billerica, MA 01821
(978) 528-5792



UNITED STATES PATENT AND TRADEMARK OFFICE

| Home | Index | Search | System Alerts | eBusiness Center | News & Notices | Contact Us |

## Trademark Electronic Search System(Tess)

*TESS was last updated on Fri Feb 18 04:26:31 EST 2005*

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | BOTTOM | HELP | |
| CURR LIST | | | | NEXT DOC | LAST DOC |

**Logout**  Please logout when you are done to release system resources allocated for you.

**Start** List At: [        ] OR **Jump** to record: [        ]  **Record 1 out of 5**

---

**Check Status**  *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

**Typed Drawing**

| | |
|---|---|
| **Word Mark** | **HYBRICON** |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: Electronic backplanes, electronic backplane enclosures, racks and subracks for mounting assemblies of electronic modules, electronic power supplies, circuitry for interconnecting electronic modules, and assemblies of such modules, power supplies and circuitry. FIRST USE: 19940000. FIRST USE IN COMMERCE: 19940000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75696313 |
| **Filing Date** | May 3, 1999 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | December 28, 1999 |
| **Registration Number** | 2332693 |
| **Registration Date** | March 21, 2000 |
| **Owner** | (REGISTRANT) Hybricon Corporation CORPORATION MASSACHUSETTS 12 Willow Road Ayer MASSACHUSETTS 01432 |
| **Attorney of Record** | Robert J. Schiller |

| | |
|---|---|
| **Prior Registrations** | 1118679;2259451;2259457 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | |
|---|---|---|---|---|---|---|---|---|---|
| CURR LIST | | | | NEXT DOC | LAST DOC | | | | |



UNITED STATES PATENT AND TRADEMARK OFFICE

| Home | Index | Search | System Alerts | eBusiness Center | News & Notices | Contact Us |

## Trademark Electronic Search System(Tess)

*TESS was last updated on Fri Feb 18 04:26:31 EST 2005*

| PTO Home | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | Browse Dict | BOTTOM | HELP | |
| CURR LIST | | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC | | | | |

Please logout when you are done to release system resources allocated for you.

List At: [          ]   OR [          ] to record: [          ]   **Record 2 out of 5**

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

### Typed Drawing

| | |
|---|---|
| **Word Mark** | **HYBRICON** |
| **Goods and Services** | IC 042. US 100 101. G & S: Engineering design for others with respect to signal integrity, thermal and airflow characteristics, electronic and mechanical design layout and documentation, and electromagnetic interference modeling and simulation for electronic and mechanical components and interconnections, namely, motherboards, backplanes, electrical circuit boards, circuit boards, connectors, and enclosures, frames and racks for mounting such components; system integration of electronic and mechanical components and interconnections, namely, motherboards, backplanes, electrical circuit boards, circuit boards, connectors and enclosures, mounting frames and racks with components procured from other sources. FIRST USE: 19940000. FIRST USE IN COMMERCE: 19940000 |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 75695901 |
| **Filing Date** | May 3, 1999 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | June 27, 2000 |
| **Registration Number** | 2387393 |

| Registration Date | September 19, 2000 |
|---|---|
| Owner | (REGISTRANT) Hybricon Corporation CORPORATION MASSACHUSETTS 12 Willow Road Ayer MASSACHUSETTS 01432 |
| Attorney of Record | Robert J. Schiller |
| Prior Registrations | 1118679;2259451;2259457 |
| Type of Mark | SERVICE MARK |
| Register | PRINCIPAL |
| Live/Dead Indicator | LIVE |



UNITED STATES PATENT AND TRADEMARK OFFICE

| Home | Index | Search | System Alerts | eBusiness Center | News & Notices | Contact Us |

## Trademark Electronic Search System(Tess)

*TESS was last updated on Fri Feb 18 04:26:31 EST 2005*



Please logout when you are done to release system resources allocated for you.

List At: [        ]   OR [        ] to record: [        ]   **Record 3 out of 5**

**Check Status**   *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **HYBRICON** |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: ELECTRONIC BACKPLANE ENCLOSURES, ELECTRONIC BACKPLANES, PRINTED CIRCUIT BOARDS, WIRE WRAP BOARDS, CONNECTORS, EXTENDER CARDS, CARD GUIDES, and CARD EJECTORS. FIRST USE: 19940000. FIRST USE IN COMMERCE: 19940000 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 260127 261713 |
| **Serial Number** | 75489469 |
| **Filing Date** | May 21, 1998 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 13, 1999 |
| **Registration** | 2259457 |

| | |
|---|---|
| **Number** | |
| **Registration Date** | July 6, 1999 |
| **Owner** | (REGISTRANT) Hybricon Corporation CORPORATION MASSACHUSETTS 12 Willow Road Ayer MASSACHUSETTS 01432 |
| **Attorney of Record** | ANTHONY P ONELLO JR |
| **Prior Registrations** | 1118679 |
| **Description of Mark** | The mark is lined for the color red. |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST
CURR LIST | | FIRST DOC | PREV DOC | NEXT DOC | LAST DOC

HOME | INDEX | SEARCH | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES | CONTACT US | PRIVACY STATEMENT



## Trademark Electronic Search System(Tess)

*TESS was last updated on Fri Feb 18 04:26:31 EST 2005*

Please logout when you are done to release system resources allocated for you.

List At: ☐ OR ▓▓ to record: ☐ **Record 4 out of 5**

Check Status *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*



| | |
|---|---|
| **Word Mark** | **HYBRICON** |
| **Goods and Services** | IC 009. US 021 023 026 036 038. G & S: ELECTRONIC BACKPLANE ENCLOSURES, ELECTRONIC BACKPLANES, PRINTED CIRCUIT BOARDS, WIRE WRAP BOARDS, CONNECTORS, EXTENDER CARDS, CARD GUIDES, AND CARD EJECTORS. FIRST USE: 19940000. FIRST USE IN COMMERCE: 19940000 |
| **Mark Drawing Code** | (3) DESIGN PLUS WORDS, LETTERS, AND/OR NUMBERS |
| **Design Search Code** | 260104 260121 261121 261713 |
| **Serial Number** | 75488846 |
| **Filing Date** | May 21, 1998 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Published for Opposition** | April 13, 1999 |
| **Registration** | 2259451 |

| | |
|---|---|
| **Number** | |
| **Registration Date** | July 6, 1999 |
| **Owner** | (REGISTRANT) Hybricon Corporation CORPORATION MASSACHUSETTS 12 Willow Road Ayer MASSACHUSETTS 01432 |
| **Attorney of Record** | ANTHONY P ONELLO JR |
| **Prior Registrations** | 1118679 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Live/Dead Indicator** | LIVE |

PTO HOME   TRADEMARK   TESS HOME   NEW USER   STRUCTURED   FREE FORM   DOWN DOC   TOP   HELP
CURR LIST   FIRST DOC   PREV DOC   NEXT DOC   LAST DOC

HOME | INDEX | SEARCH | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES | CONTACT US | PRIVACY STATEMENT



# Trademark Electronic Search System(Tess)

*TESS was last updated on Fri Feb 18 04:26:31 EST 2005*



Please logout when you are done to release system resources allocated for you.

List At: [        ] OR [      ] to record: [        ] **Record 5 out of 5**

**Check Status** *(TARR contains current status, correspondence address and attorney of record for this mark. Use the "Back" button of the Internet Browser to return to TESS)*

## Typed Drawing

| | |
|---|---|
| **Word Mark** | **HYBRICON** |
| **Goods and Services** | IC 009. US 021. G & S: PRINTED CIRCUIT BOARDS AND DIP SOCKETS, WRAPPABLE PINS, EDGE CONNECTORS, CARD GUIDES AND CARD ELECTORS FOR PRINTED CIRCUIT BOARDS. FIRST USE: 19770100. FIRST USE IN COMMERCE: 19770200. |
| **Mark Drawing Code** | (1) TYPED DRAWING |
| **Serial Number** | 73152194 |
| **Filing Date** | December 15, 1977 |
| **Current Filing Basis** | 1A |
| **Original Filing Basis** | 1A |
| **Registration Number** | 1118679 |
| **Registration Date** | May 22, 1979 |
| **Owner** | (REGISTRANT) HYBRICON CORPORATION CORPORATION MASSACHUSETTS P. O. BOX 206 410 GREAT ROAD LITTLETON MASSACHUSETTS 01460 |
| **Type of Mark** | TRADEMARK |
| **Register** | PRINCIPAL |
| **Affidavit Text** | SECT 15. SECT 8 (6-YR). |

**Renewal**          1ST RENEWAL 19990707

**Live/Dead
Indicator**          LIVE

| PTO HOME | TRADEMARK | TESS HOME | NEW USER | STRUCTURED | FREE FORM | BROWSE DICT | TOP | HELP | PREV LIST |
| CURR LIST | | FIRST DOC | PREV DOC | | |

| INDEX | | SYSTEM ALERTS | BUSINESS CENTER | NEWS&NOTICES |
CONTACT US | PRIVACY STATEMENT

Page 1 of 1

Hybricon Corporation-Enclosures, backplanes, and accessories



HOME | SITE MAP | CONTACT US

**Hybricon**
*Innovation, Quality, Service*

PRODUCTS
- Enclosures
- Backplanes
- Power Supplies
- Sub Racks
- Front Panels
- Accessories

ENGINEERING SERVICES
- Design Services
- 3-D Modeling
- Thermal Flow Analysis
- Technical Papers

INTEGRATION SERVICES

LOG IN
- Customer
- Representatives
- Suppliers
- VARS

REQUEST FOR QUOTATION

30°F
CALM
Click for
Forecast
weatherforyou.com

Hybricon is a world-class manufacturer of enclosures for military, telecom & commercial applications. We design and build CompactPCI, Rugged COTS, VME, VME64x, VXI and custom bus systems.

Hybricon is the industry leader in backplane design, offering the newest technologies for VME, VME 64x, CompactPCI, VXI, and custom bus structures.

Hybricon has a successful track record of proven and deployed COTS solutions that have been designed to meet stringent military requirements.

**1-877-Hybricon**

© 1976-2004 Hybricon Corp. All rights reserved. Disclaimer. See our Privacy Policy

Illuminati Snowboards

Page 1 of 2

.: Shop   Request Info   About Us   Riders   Illuminati Agent   Reviews   Chapter 2   Customer Support

Get the Ill23 Snow Report.

Click Here to learn how you can recieve text message snow reports from any mountain... and you control it.

Illuminati Snowboards - Jackson Hole. We believe snowboarding is important, and our goal is to help you get the best snowboard for your riding style, at the best price, while providing the highest level of customer service.

# IlluminatiDirect

.: Snowboards
.: Snowboard Bindings
.: Snowboard and Binding Packages
.: Snowboard Reviews

····· Additional Info ·····

.: Snowboarder Support
.: Snowboard Team
.: Snowboard Videos
.: Snowboarding Pictures
.: Snowboarding Newsletter
.: Snowboard Journal Magazine
.: Bluebird Snowboard Wax



this site requires
FLASH PLAYER

"What is the difference between the snowboarder and the ordinary man?

...that the snowboarder demands a ride on the 2005 Illuminati Hybricon.

● Torsionally stiff capped nose and tail

● Durable ABS Sidewall

● ILLUMINATI Wood Core

● 24 Stainless Steel Inserts

● Sintered 4000 Base




close





Snowboards

Streetwear









Snowboard Journal

Apply your subscription fee to your next board purchase. $40.00 Value

Plus get a free Tshirt!




Illuminati Snowboards

Snowboards | Bindings | Clothing | Snowboard and Binding Packages | Snowboarding Pictures | Snowboarding Videos | sitemap | Privacy Policy | Snowboard Shop

©2003 The Illuminati, LLC

Illuminati snowboards Jackson Hole wyoming. Snowboard Company and Online Snowboard Shop

**$79 Boardsforless.com**
$79 boards, $49 binding, $49
boot , $15 gloves, $15 jackets,
$15 bags.

**Snowboard Rotation Device**
Rotate your foot on your
Snowboard for maximum comfort
and performance

**10-50% Off Snowboard
Sale**
Boards Boots Bindings Outerwear
Acc Sale Prices-Top Brands-
Guaranteed!

**Snowboard Bindings**
Huge Selection Of Name Brand
Snowboard Bindings. 20% Off
Sale.

Ads by Googooogle



℀JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

HYBRICON CORPORATION

### DEFENDANTS

THE ILLUMINATI SNOWBOARD COMPANY, and
THE ILLUMINATI

(b) County of Residence of First Listed Plaintiff    MIDDLESEX
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    TETON
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Cesari and McKenna, LLP, 88 Black Falcon Avenue-Ste. 271, Boston,
MA 02210 - Phone 617-951-2500

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Section 112.5

Brief description of cause:
Trademark Dilution and Cybersquatting

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):     JUDGE                                DOCKET NUMBER

DATE                                SIGNATURE OF ATTORNEY OF RECORD

22 February 2005                    Thomas C. O'Konski

**FOR OFFICE USE ONLY**

RECEIPT #            AMOUNT            APPLYING IFP            JUDGE            MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** _Jabrican Corporation_ v. _The Illuminati Snowboard (Exiled) and The Illuminati_

IN CLERKS OFFICE

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL**

   **COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**   2005 FEB 22  P 4:50

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   X  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)).  IF MORE THAN ONE PRIOR RELATED CASE**
   **HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

   _____

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS**
   **COURT?**
                                                        YES       (NO)

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE**
   **PUBLIC INTEREST?    (SEE 28 USC §2403)**
                                                        YES       (NO)

   **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**
                                                        YES       (NO)

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE**
   **28 USC §2284?**
                                                        YES       (NO)

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE**
   **COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE**
   **SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**
                                                        YES       (NO)

   A.   **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**

        **EASTERN DIVISION**          **CENTRAL DIVISION**          **WESTERN DIVISION**

   B.   **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING**
        **GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**

        (**EASTERN DIVISION**)        **CENTRAL DIVISION**          **WESTERN DIVISION**

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** _Thomas C. O'Konski_
**ADDRESS** _88 Black Falcon Ave., Boston, MA  02210_
**TELEPHONE NO.** _617-951-9500_

**(Cover sheet local.wpd - 11/27/00)**